UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEXTER B. POOLE,

       Plaintiff,

                                   CASE NO. 09-CV-13093
v.                               HONORABLE ARTHUR J. TARNOW

MICHIGAN REFORMATORY, et al.,

       Defendants.
_____/

## ORDER OF PARTIAL SUMMARY DISMISSAL AND TO SHOW CAUSE

**I.      Introduction**

The Court has before it Plaintiff Dexter Poole's *pro se* civil rights complaint brought

pursuant to 42 U.S.C. § 1983.  Plaintiff is a state prisoner currently confined at the Macomb

Correctional Facility in New Haven, Michigan.  He has been granted leave to proceed without

prepayment of the filing fee for this action.  *See* 28 U.S.C. § 1915(a).  In his complaint, Plaintiff

asserts that he has been improperly denied prison visitation privileges and that he has been

subject to retaliation and discrimination.  He names three Michigan Department of Corrections

("MDOC") prisons, the MDOC, and several MDOC employees as defendants in this action.  He

seeks monetary damages and injunctive relief.

For the reasons stated herein, the Court dismisses the prison and MDOC defendants and

orders Plaintiff to show cause as to why his claims against the remaining defendants should not

be dismissed.

**II.      Standards under the PLRA and 42 U.S.C. § 1983**

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte*

dismiss an in *forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A *pro se* complaint should be liberally construed and held to a "less stringent standard" than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).

**III.    Dismissal of Michigan Reformatory, Earnest C. Brooks Correctional Facility, Macomb Correctional Facility, and the MDOC**

Plaintiff names the Michigan Reformatory, the Earnest C. Brooks Correctional Facility, and the Macomb Correctional Facility as defendants in this action. Those entities, however, are institutions operated by the MDOC and are not "persons" or legal entities subject to suit under 42 U.S.C. § 1983. *See Brooks v. Huron Valley Men's Prison*, No. 2:06-CV-12687, 2006 WL

2423106, *1 (E.D. Mich. Aug. 21, 2006) (citing cases establishing that a prison building is not a "person" subject to suit under § 1983); *Webber v. Standish Maximum Prison*, No. 2:06-CV-11921, 2006 WL 1284610, *2 (E.D. Mich. May 10, 2006) (same).

Plaintiff also names the MDOC as a defendant in this action. Plaintiff's claims against the MDOC are subject to dismissal based upon Eleventh Amendment immunity. The Eleventh Amendment provides immunity to a state and its agencies from suit in federal court unless the state expressly waives immunity or Congress clearly abrogates the Eleventh Amendment in legislation designed to enforce the Fourteenth Amendment. *See Welch v. Texas Dep't. of Highways and Public Transp.*, 483 U.S. 468, 472-74 (1987). As Congress did not abrogate the Eleventh Amendment when enacting § 1983, neither a state, a state agency, nor a state official sued in his official capacity is a "person" subject to suit under § 1983. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 66-71 (1989). Unless immunity is expressly waived, a state and its agencies are immune from an action for damages and injunctive relief. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100-01 (1984); *Thiokol Corp. v. Dep't. of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993). The United States Court of Appeals for the Sixth Circuit has expressly held that the MDOC is immune from suit under the Eleventh Amendment. *See Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, *2 (6th Cir. Nov. 1, 2000) (unpublished); *Ritchie v. Michigan Dept. of Corr.*, 826 F.2d 1065, 1987 WL 38524, *1 (6th Cir. 1987) (unpublished). Plaintiff's claims against the MDOC must be dismissed.

Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint as to defendants Michigan Reformatory, Earnest C. Brooks Correctional Facility, Macomb Correctional Facility, and the MDOC.

**IV.     Show Cause re: Remaining Defendants**

Plaintiff also names 16 MDOC employees as defendants in this action.  His complaint, however, in unclear as to the specific allegations of unconstitutional conduct by each defendant. Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief, " as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  While this notice pleading standard does require not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions.  *See Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, _ U.S. _, 129 S. Ct. 1937, 1949 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id*. (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

Furthermore, it is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of *respondeat superior* or vicarious liability.  *See Monell v. Department of Social Svs*.,

4

436 U.S. 658, 691-92 (1978); *see also Turner v. City of Taylor*, 412 F.3d 629, 643) (6th Cir. 2005) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).  Moreover, conclusory allegations are insufficient to state a civil rights claim under § 1983. *See, e.g., Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003).

In this case, Plaintiff has failed to clearly set forth his specific factual allegations against each of the individually named defendants.  The Court is thus unable to discern whether he has stated a claim against those defendants which, if true, would entitle him to relief.  Accordingly, the Court **ORDERS** Plaintiff to **SHOW CAUSE** within **30 DAYS** of the filing date of this order why his complaint as to the remaining defendants should not be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  Plaintiff must submit a clear and concise statement of his specific factual allegations of unconstitutional conduct against each of the remaining defendants.  The Court will then review those allegations to determine if his complaint should be served upon any of those defendants or should be summarily dismissed. Should Plaintiff fail to comply with this order, his complaint will also be subject to summary dismissal.

**IT IS SO ORDERED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  September 11, 2009

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on September 11, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary